IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ANDY MONROE, III, #87258 § | |
| § | |
| V. § | CIVIL ACTION NO. G-04-636 |
| § | |
| ROBERT MCCURLEY, ET AL. § | |

## REPORT AND RECOMMENDATION

Plaintiff Andy Monroe brought this complaint pursuant to 42 U.S.C. § 1983 against police officers Robert McCurley and Christopher Force, alleging claims of excessive use of force "beyond the necessary level needed" during his arrest. Now before the Court is Defendants' Motion for Summary Judgment, to which Plaintiff has filed a response. Having considered all motions, replies, evidence and applicable law, this Court makes the following recommendation to the District Court.

Monroe alleges that Galveston police officers Robert McCurley and Christopher Force violated his civil rights on November 8, 2002, at the Stop-n-Go convenience store at 628 Broadway in Galveston, Texas. According to Monroe, he was in the store when both Defendants entered. Officer Force began commanding Monroe to come to him using abusive language, so Monroe turned and began moving away from Force and was then struck directly across the top of his head with a flashlight by officer McCurley. Monroe asserts that he offered no resistance as Defendants slammed him to the floor and beat him before handcuffing him. He further asserts that after he was handcuffed, two additional, unknown officers entered the store and "joined in" and sprayed him with mace. Monroe mentioned no injuries in his original complaint, but asserts in his answer to Defendants' summary judgment motion that he received injuries to his head from being struck with

the flashlight and pain and eye irritation from the mace. Plaintiff states that there are no medical records to support his claim of injuries because nobody took him to the hospital.

Defendants' version of the events varies from Plaintiff's in significant particulars. Pursuant to the sworn affidavits of Defendants Force and McCurley,[1] on the date in question, Defendants were on duty (and dressed in Galveston police uniforms) when they were dispatched to a theft in progress at the Stop-N-Go convenience store at 628 Broadway in Galveston. The suspect was reported to be a black man wearing a black hooded sweatshirt with the hood pulled up, and yellow sweat pants or jogging pants, stealing cartons of cigarettes from behind the front counter. When Force entered the store, he saw the described suspect (Monroe) watching him from behind one of the display racks. Force called to Monroe to come out but Monroe continued to move away, keeping the shelves between him and Force. As Monroe headed towards the door, Force blocked it; by this time McCurley had entered the store and headed for Monroe, who became trapped between Force and Monroe. Realizing this, Monroe tried to escape by charging head-first into McCurley. McCurley, who entered the store with his flashlight because it was dark out, reacted to the quickly evolving situation by attempting to hit Monroe's brachial nerve area on ths side of his neck in an effort to immobilize him. He was unsuccessful and Monroe continued to fight. While this struggle was occurring, Force grabbed Monroe in an attempt to help subdue him and he, Monroe and McCurley bumped into a cooler, knocked some display racks over and fell to the floor. McCurley and Force repeatedly told Monroe to put his hands behind his back but Monroe resisted and continued to struggle and fight. During the fight, Monroe hit Force in the mouth and chipped his front tooth. Because Monroe continued to violently fight and resist the Defendants' attempt to subdue and cuff

---

[1] Defendants' Motion for Summary Judgment, Exhibits A & B.

him, Force sprayed Monroe in the face with pepper spray. Still, Force and McCurley were unable to handcuff Monroe until officers Moyers and Allred arrived to assist. Even then, Monroe continued to resist, but Defendants were finally able to handcuff and arrest him and escort him out of the store.[2] A search of Monroe's clothing was then conducted, revealing six cartons of cigarettes stuffed down his baggy pants. Force and McCurley were taken to the hospital for their injuries; they assert that Monroe suffered no injuries.

Monroe was charged with two counts of assault of a public servant and one count of robbery. The case went to trial, but before the case was submitted to the jury, a plea bargain agreement was reached. Monroe pled guilty to one count of resisting arrest by using force against McCurley, theft and forgery.

Of significance in this matter is the fact that the convenience store where the arrest took place had a video camera security system, and the entire incident in question was captured on three of the video cameras. As part of the investigation of this matter, the tapes were retrieved and turned over to Elicio Gonzales in the Galveston Police Department's Identification Division for use as evidence in the criminal prosecution of Monroe.

Defendants assert in their Motion for Summary Judgment that (1) Monroe's claim of excessive force is barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) his Fourth Amendment claim of excessive force fails for lack of injury; and, (3) they are entitled to qualified immunity. In his response to Defendants' summary judgment motion, Monroe contends that his guilty plea bears no significance because the "plea of resist arrest search or transport was never an original charge brought against myself....but...was only cohursed

---

[2] Defendants' Motion for Summary Judgment, Exhibit E, p. 7.

[sic] into existence after both the District Attorney and my lawyer had finished their cross-examinations." Monroe infers that he only agreed to the plea bargain so that he would receive a lesser sentence. He failed to specify the type of relief that he seeks in his original complaint, but since he is no longer incarcerated, the Court will presume he seeks monetary damages.

With respect to Defendants' argument that Monroe's claims for damages for excessive force are barred by *Heck* because Monroe entered a plea of guilty and was convicted of resisting arrest by using force against McCurley, this Court agrees. In *Heck,* the United States Supreme Court held that a Plaintiff who has been convicted of a crime cannot bring a Section 1983 claim challenging the constitutionality of his conviction unless that conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. *Heck*, 512 U.S. at 486-87. *Heck* bars claims for "unconstitutional conviction or imprisonment" as well as claims "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id*. at 486.

As aptly shown by Defendants, it is "not always clear" how *Heck* applies to claims of excessive force. *See Arnold v. Town of Slaughter*, 100 Fed.Appx. 321; *cert. denied*, 543 U.S. 966 (2004). The Fifth Circuit has, however, had at least three prior occasions to discuss the preclusive effect of a criminal conviction for assaulting an officer on a Section 1983 claim for excessive force, and has held that when a Plaintiff has been convicted of assaulting the arresting officers, success on an excessive force claim will necessarily implicate the validity of the particular conviction and thus invoke *Heck's* bar to relief. *See e.g. Hainze v. Richards*, 207 F.3d 795, 798, *cert. denied*, 531 U.S. 959 (2000)(holding that excessive force claims under Section 1983 are "barred as a matter of law if brought by an individual convicted of aggravated assault related to the same events"); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999) (holding that a claim of excessive force is necessarily

4

inconsistent with a criminal conviction for aggravated assault of a public servant and holding that a conviction for aggravated assault premised on the infliction of "serious bodily injury" bars an excessive force claim under Section 1983 stemming from the events of the aggravated assault because, as a matter of law, the force exerted to protect oneself against an aggravated assault "cannot, under *Heck*, be deemed excessive"); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (holding that *Heck* bars claims of excessive force when Plaintiff has been convicted of "battery of an officer"). Just as in *Hudson* and *Sappington*, Monroe here seeks to recover for an alleged use of excessive force by McCurley and Force in connection with his arrest. The Plaintiffs in the three cases cited above were convicted of assaulting the arresting officers during the course of an arrest; similarly, Monroe was convicted of using force against police officers while resisting arrest, and he pled guilty to this charge. His assertion that his guilty plea is invalid because he was not initially charged with resisting arrest is not only false but irrelevant, as his conviction for resisting arrest with use of force remains a valid conviction. The video tape produced at the Stop-N-Go shows that Monroe sought to evade Force and McCurley when approached, and created a dangerous situation for the Defendants when he charged head down into McCurley in an attempt to escape arrest. McCurley and Force suffered injuries while struggling to contain and subdue Monroe, and were unable to handcuff him even after he had been sprayed with pepper spray, until two additional officers arrived to help restrain him. Contrary to Monroe's assertion that he was beaten after being handcuffed, the videotape shows that as soon as Monroe was handcuffed, all contact with Monroe ceased and he was escorted out of the store.[3]

---

[3] Defendants' Motion for Summary Judgment, Exhibit E.

Monroe's assertion that Force and McCurley used excessive force while arresting him would, if proved, necessarily imply the invalidity of his arrest and conviction of resisting arresting by use of force. Under *Heck*, his excessive force claim is therefore precluded as a matter of law.

Defendants also assert the defense of qualified immunity. "Public officials acting within the scope of their official duties are shielded from civil liability by the qualified immunity doctrine." *Kipps v. Cailler*, 197 F.3d 765, 768 (5th Cir. 1999). Government officials are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Before a Court can reach the issue of qualified immunity, however, it must decide whether the Plaintiff has stated a claim for a violation of a constitutional right. *Sappington*, 195 F.3d at 236. It is evident to this Court, after reviewing the pleadings and summary judgment evidence, that Monroe has wholly failed to state or otherwise establish a constitutional claim in this cause and Defendants are, therefore, entitled to dismissal on that basis. *See Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of this Court that Plaintiff's claims be barred as a matter of law under *Heck* and that Defendants' Motion for Summary Judgment (Instrument no. 15) be **GRANTED** and the instant complaint be **DISMISSED with prejudice.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **March 8, 2006,** in which to have written objections physically on file in the Office of the Clerk. **The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300.** Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommenda-

tion of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___16th___ day of February, 2006.

_____
John R. Froeschner
United States Magistrate Judge